UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE BURGESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1324 RLW |
| | ) | |
| AANASER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment. (ECF No. 8). Plaintiff served Defendant with the complaint and summons on December 28, 2022. (ECF No. 3). Defendant has not answered or otherwise responded to the Complaint. The Clerk of the Court entered default against Defendant on May 1, 2023. (ECF No. 6).

### Background

This case arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. Plaintiff is an individual with disabilities as defined by the ADA.[1] (ECF No. 1 at 2). Plaintiff uses a wheelchair because she is substantially limited in her ability to walk and stand. *Id.* Defendant "is the owner, lessor, and/or operator/lessee of the real property and improvements that are subject to this action, specifically the Bp Gas Station" at 9666 Watson Road, St. Louis, Missouri 63126. *Id.* Plaintiff asserts that she was unable to access Defendant's gas station due to

---

[1] On a motion for default judgment, the Court must accept as true the well-pleaded facts in a complaint. 10 James Wm. Moore et al., *Moore's Federal Practice*, § 55.32[1][a] (3d ed. 2023); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (explaining that a defendant has no standing to contest the factual allegations in a complaint once the clerk has entered default).

Defendant's failure to accommodate her disabilities. *Id.* Plaintiff seeks injunctive relief and attorney's fees. (ECF No. 8).

## Default Judgment

"It is well established . . . that the entry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." *United States v. $345,510.00 in U.S. Currency*, No. Civ. 01-497 (PAM-JGL), 2002 WL 22040, at *2 (E.D. Minn. Jan. 2, 2002) (citations omitted). Default judgments are disfavored under the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Even so, the entry of a default judgment is committed to the sound discretion of the district court. *Id.*

"[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested." *Marshall*, 616 F.3d at 852. However, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted). There are several factors this Court may consider when evaluating Plaintiff's Motion for Default Judgment, including:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (citation omitted).

Here, Plaintiff does not claim damages. Plaintiff instead seeks an order requiring Defendant to bring its real property into compliance with the ADA. (ECF No. 1). Such relief serves the public

interest and there is nothing in the record to suggest that Defendant's default is attributable to a good-faith mistake or inexcusable neglect. The grounds for default are not in doubt. The Court will grant Plaintiff's motion as it relates to injunctive relief.

### Attorney's Fees

"The ADA gives a court discretionary authority to grant the prevailing party attorneys' fees." *Shrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 (8th Cir. 1997) (citing 42 U.S.C. § 12205). "A plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* (citing *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). The party seeking the award must submit evidence supporting the requested hours and rates, making a "good faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Plaintiff has not submitted sufficient evidence to show that the requested hours and rates are reasonable. Thus, the Court will deny Plaintiff's motion as to attorney's fees. Plaintiff may refile her motion for attorney's fees but shall include a verified, itemized billing statement and an explanation regarding counsel's experience.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is **GRANTED** as to Plaintiff's claim for injunctive relief. (ECF No. 8)

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED** as to Plaintiff's request for attorney's fees. (ECF No. 8). Plaintiff may file a separate motion for attorney's fees no later than **June 8, 2023**. Counsel for Plaintiff shall include a verified, itemized billing statement and an explanation regarding counsel's experience.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of May, 2023.