# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| JULIE BURGESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-1324 RLW |
| ) | |
| AANASER, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion for Sealing Verified Billing Statement." (ECF No. 13). The Court will deny the motion for the reasons below.

**Background**

Plaintiff filed this action on December 12, 2022, alleging that Defendant—the owner of a gas station located at 9666 Watson Road, St. Louis, Missouri 63126—violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. (ECF No. 1). Plaintiff is an individual with disabilities as defined by the ADA. (ECF No. 10). Plaintiff uses a wheelchair because she is substantially limited in her ability to walk and stand. *Id.* Plaintiff alleged in her complaint that she was unable to access Defendant's gas station due to Defendant's failure to accommodate her disabilities. (ECF No. 1). Defendant did not answer or otherwise respond to Plaintiff's complaint. (ECF No. 10).

Plaintiff sought and obtained a Clerk's Entry of Default on May 1, 2023. (ECF No. 6). Plaintiff then filed a motion for default judgment against Defendant seeking injunctive relief and attorney's fees. (ECF No. 8). Six days later, the Court granted Plaintiff's motion as to injunctive relief but found that Plaintiff had not submitted sufficient evidence to support her claim for

attorney's fees. (ECF No. 10). The Court gave Plaintiff until June 8, 2023, to file a renewed motion for attorney's fees, complete with a verified, itemized billing statement from her attorney and an explanation regarding counsel's experience. *Id.* Plaintiff has now filed a motion to seal the verified billing statement that will accompany her motion for attorney's fees. (ECF No. 13).

## Discussion

"[T]here is 'a common-law right of access to judicial records.'" *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "This right of access is not absolute," however, "but requires a weighing of competing interests." *Id.* When this common-law right is implicated, the Eighth Circuit "give[s] deference to the trial court rather than taking the approach of some circuits and recognizing a 'strong presumption' favoring access." *Id.* (quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)).

Whether sealing is warranted turns on "the relevant facts and circumstances of the particular case." *Warner Commc'ns*, 435 U.S. at 599. The Court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). In the Eight Circuit, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "A proper motion to seal should be narrowly drawn and accompanied by a proposed redacted filing for the public docket." *United States v. Garner*, 39 F.4th 1023, 1024 (8th Cir. 2022) (finding a motion to file under seal overly broad where the party wished to seal an entire motion without any justification).

2

Here, Plaintiff seeks to seal the itemized billing statement that will accompany her motion for attorney's fees. (ECF No. 13). Plaintiff states that "[g]ood cause exists to keep Plaintiff's verified, itemized billing statement under seal because the statement contains private financial information . . . and the billing statement has no public value outside of this litigation." *Id.* Plaintiff does not explain why the information in the billing statement is "private" or cite any authority to suggest that an attorney's billing statement should be sealed when attached to a motion for attorney's fees. If Plaintiff's conclusory assertions were correct, nearly every motion for attorney's fees would be decided on sealed information. There would be virtually no public record of reasonable attorney's rates. Simply put, Plaintiff's conclusory allegations are not enough to support her motion to seal.

## Conclusion

Plaintiff has not demonstrated why her interest in keeping her attorney's billing statement confidential outweighs the common-law right to access of judicial records. Thus, the Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Sealing Verified Billing Statement" is **DENIED**. (ECF No. 13).

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of June, 2023.