UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JULIE BURGESS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) No. 4:22-CV-1324 RLW |
|  | ) |
| AANASER, INC., | ) |
|  | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. (ECF No. 21). The Court will grant the motion for the reasons below.

**Background**

Plaintiff filed this action on December 12, 2022, alleging that Defendant—the owner of a gas station located at 9666 Watson Road, St. Louis, Missouri 63126—violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213. (ECF No. 1). Plaintiff is an individual with disabilities as defined by the ADA. (ECF No. 10). Plaintiff uses a wheelchair because she is substantially limited in her ability to walk and stand. *Id.* Plaintiff alleged in her complaint that she was unable to access Defendant's gas station due to its failure to accommodate her disabilities. (ECF No. 1). Defendant did not answer or otherwise respond to Plaintiff's complaint. (ECF No. 10).

Plaintiff obtained a Clerk's Entry of Default on May 1, 2023. (ECF No. 6). Plaintiff then filed a motion for default judgment against Defendant seeking injunctive relief and attorney's fees. (ECF No. 8). Six days later, the Court granted Plaintiff's motion as to injunctive relief but found that Plaintiff had not submitted sufficient evidence to support her claim for attorney's fees. (ECF

No. 10). The Court gave Plaintiff until June 8, 2023, to file a renewed motion for attorney's fees along with an itemized billing statement from her attorney and an explanation regarding counsel's experience. *Id.* Plaintiff did not do so. Thus, on June 22, 2023, the Court entered judgment in Plaintiff's favor as to injunctive relief but did not award attorney's fees. (ECF No. 19). Plaintiff filed the present motion four days later. (ECF No. 21).[1]

## Discussion

The ADA authorizes this Court, in its discretion, to award reasonable attorney's fees to a prevailing party. 42 U.S.C. § 12205; *Schrader v. OMC Aluminum Boat Grp., Inc.*, 128 F.3d 1218, 1220 (8th Cir. 1997). A "prevailing party" is one who obtains "at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). The party seeking the award must submit evidence supporting the requested hours and rates, making a "good faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019) (citing *Brewington v. Keener*, 902 F.3d 796, 805 (8th Cir. 2018)). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Id.* (citing *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005)).

Plaintiff seeks attorney's fees in the amount of Seven Thousand Eighty-Seven Dollars and Fifty Cents ($7,087.50), which represents 15.75 hours of work at $450 an hour. Plaintiff also seeks to recover her filing fee and process-server fee, which total Four Hundred Seventy-Seven Dollars

---

[1] Plaintiff filed her motion out of time and without leave of Court. Counsel is reminded that she shall first obtain leave of the Court before filing a document out of time. In the future, any document filed out of time without leave will be stricken.

($477.00). (ECF No. 21). Plaintiff has filed an invoice and affidavit from her attorney in support of her request.

The Court has carefully scrutinized Plaintiff's supporting documentation and finds that counsel's rate and the hours expended are reasonable. In recent years, this Court has frequently found rates as high or higher than those sought here to be reasonable for the St. Louis market. *See Willson v. City of Bel-Nor, Missouri*, No. 4:18-CV-003 RLW, 2021 WL 2255003, at *6 (E.D. Mo. June 3, 2021) (citing cases). In fact, the Court very recently granted attorney's fees in an ADA action at an identical rate. *See White v. CW Brown Holdings LLC*, No. 4:22-CV-1282 RLW, 2023 WL 4104466, at *1 (E.D. Mo. June 21, 2023). Further, there is nothing in the record to suggest that counsel's hours were excessive, redundant, or otherwise unnecessary. Counsel's invoice reflects tasks and hours commensurate with the nature of this case.

## Conclusion

For the foregoing reasons, the Court will grant Plaintiff's Motion for Attorney's Fees. (ECF No. 21).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees (ECF No. 21) is **GRANTED** as requested.

An amended judgment will issue separately.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 10th day of July, 2023.